UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCO STRICKLAND,

        Plaintiff,

                                       Case No. 23-CV-12688

vs.

                                       HON. GEORGE CARAM STEEH

PAUL J. CUSICK, et al.,

        Defendants.
_____/

ORDER DENYING PLAINTIFF'S PETITION
TO CORRECT VOID JUDGMENT (ECF No. 7)

This matter is before the court on plaintiff Marco Strickland's petition to correct void judgment pursuant to Fed. R. Civ. P. 60(b). Rule 60(b)(4) provides that if the underlying judgment is void, it must be set aside or vacated. For purposes of Rule 60(b)(4), a judgment is void if a court entered an order outside its legal powers, that is the court lacked jurisdiction over the subject matter or the parties, or the court acted in a manner inconsistent with due process of law. *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 516 (6th Cir. 2001) (citations omitted).

In support of his petition, plaintiff maintains that his case was incorrectly decided and should be reviewed by the Supreme Court. Courts

draw a distinction between void and erroneous judgments to prevent the use of Rule 60 as a substitute for an appeal. *Id*.

Plaintiff's arguments address the claims alleged in his complaint, specifically that he has a Constitutional right to travel and to keep and bear arms. On October 31, 2023, this Court dismissed plaintiff's complaint as frivolous and for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B). The time for appeal has expired. Therefore, the only relevant issue is whether this Court lacked jurisdiction to dismiss plaintiff's case, or whether it did so without due process of law. The claims asserted by plaintiff invoked the Court's federal question jurisdiction. By filing his complaint *in forma pauperis*, the Court was required to review the complaint pursuant to 28 U.S.C. § 1915(e). That statute states that the court "shall dismiss" a case upon finding that it is "(i) frivolous or malicious" or "(ii) fails to state a claim on which relief may be granted." § 1915(e)(2)(B). The Court followed proper procedure and did not act "in a manner inconsistent with due process of law." *Jalapeno Prop. Mgmt.*, 265 F.3d at 517 (quoting *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)).

For the foregoing reasons, the Court did not enter a void judgment. Now, therefore,

IT IS HEREBY ORDERED that plaintiff's petition to correct void judgment (ECF No. 7) is DENIED.

Dated: February 28, 2024

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 28, 2024, by electronic and/or ordinary mail and also on Marco Strickland, 17419 Prospect, Melvindale, MI 48122.

s/LaShawn Saulsberry
Deputy Clerk